UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-410-GCM
(1:09-cr-17-GCM-1)

| | |
|---|---|
| ALBERT C. BURGESS, JR. *aka* ) | |
| *Albert Charles Burgess, aka* ) | |
| *Albert Charles Burgess, Jr.*, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's self-styled, pro se Petition for Writ of Habeas Corpus pursuant to the All Writs Act, 28 U.S.C. § 1651. (Doc. No. 1.)

## I.   BACKGROUND

In 2009, Petitioner was charged in this district with one count of possession of materials involving the exploitation of minors and one count of knowingly receiving visual depictions of minors by computer which involved sexually explicit conduct, all in violation of 18 U.S.C. § 2252(a)(4)(B) and 18 U.S.C. §§ 2252(a)(2). Indictment, United States v. Burgess, 1:09-cr-17-GCM (W.D.N.C. filed Mar. 17, 2009) (Doc. No. 1). After a jury trial, Petitioner was found guilty of both offenses. The Court entered judgment on August 27, 2010, sentencing Petitioner to concurrent terms of 240 months and 292 months imprisonment, and ordering restitution. Judgement, 1:09-cr-17-GCM (Doc. No. 185).

On July 11, 2012, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's convictions and all aspects of his sentences, but remanded for reconsideration of the

1

restitution award.  United States v. Burgess, 684 F.3d 445 (4th Cir.), cert. denied, 133 S. Ct. 490 (2012).  On November 15, 2012, Petitioner filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence, which was denied.  Order Den. § 2255 Mot., Burgess v. United States, 1:12-cv-00375-GCM (W.D.N.C. filed Feb. 26, 2015) (Doc. No. 87).  Petitioner's appeal was dismissed by the Fourth Circuit.  Order Dis. Appeal, 1:12-cv-00375-GCM (Doc. No. 112).

During the pendency of his § 2255 Motion, and subsequent to its denial, Petitioner filed a succession of habeas corpus petitions in this Court under 28 U.S.C. § 1651, the most recent of which was dismissed on November 29, 2016.  See Civil Case Nos. 1:16-cv-377-FDW, 1:15-cv-00179-FDW, 1:15-cv-00156-FDW, 1:15-cv-135-FDW, 1:14-cv-47-FDW, 1:13-cv-00340-MR.[1]  In each, Petitioner challenged the validity of his 2010 Judgment, and in each case, the Court dismissed or denied the petition, explaining, in one form or another, that prisoners are precluded from proceeding under § 1651 when their claims are cognizable under § 2255.  Id.; see also Ortiz v. United States, 555 F. App'x 261, 2014 WL 660662 (4th Cir. 2014) (unpublished) (citing United States v. Rhines, 640 F.3d 69, 72 (3d Cir. 2011); United States v. Gamboa, 608 F.3d 492, 494-95 (9th Cir. 2010)).  Undeterred, Petitioner has filed another action under § 1651 challenging the validity of his 2010 Judgment.  (Doc. No. 1.)

## II.    STANDARD OF REVIEW

The Court is guided by Rule 4(b) of the Rules Governing Section 2255 Proceedings, which directs district courts to examine habeas motions promptly.  Rule 4(b), 28 U.S.C.A. foll. § 2255.  When it plainly appears from the motion, any attached exhibits, and the record of prior

---

[1] This list does not include the habeas petitions Petitioner filed pursuant to 28 U.S.C. § 1651 (Civil Case Nos. 1:11-cv-147-03-GCM; 1:12-cv-72-RJC) and 28 U.S.C. § 2241 (Civil Case No. 1:09-cv-451-1-GCM) prior to filing his § 2255 motion to vacate or the 28 U.S.C. § 2254 habeas petition (Civil Case No. 1:14-cv-202-FDW), that he filed during the pendency of his § 2255 motion.

proceedings that the moving party is not entitled to relief, the court must dismiss the motion. Id.

**III. DISCUSSION**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 provides, in relevant part, that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." Id. § 2255(e).

Petitioner's current filing challenges the legality of his 2010 criminal judgment and present confinement. Petitioner has not demonstrated that § 2255 "is inadequate or ineffective to test the legality of his detention." Id.; cf. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc) (stating that § 2255 is not inadequate or ineffective to test legality of detention merely because petitioner is unable to obtain relief under § 2255). Therefore, the Court will construe Petitioner's § 1651 action as a successive motion to vacate under 28 U.S.C. § 2255. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) ("[A] brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications").

AEDPA provides for an express limitation on a prisoner's ability to attack his criminal judgment in successive collateral proceedings, however. See 28 U.S.C. § 2244. A district court

lacks jurisdiction to consider a second or successive § 2255 motion unless the motion has been certified in advance by a panel of the appropriate circuit court of appeals. See § 2255(h). Because Petitioner has not obtained authorization from the Fourth Circuit to file a second or successive § 2255 motion, this Court lacks jurisdiction to consider Petitioner's motion, and it must be dismissed. See Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 1651 (Doc. No. 1) is **DISMISSED without prejudice** as an unauthorized successive § 2255 motion; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: January 3, 2017

Graham C. Mullen
United States District Judge